The plaintiff, George K. Morris, trustee of the 24-26 George Moreland Trust, claims title to the land known as 24-26 Moreland Street in the Roxbury section of Boston. Morris traces his purported interest through one of four competing chains of title, each of which begins after the Cole B. Realty Trust (the trust) acquired the land. After a bench trial, a Land Court judge held that Morris holds no interest in the property because a conveyance out of the trust upon which he relies was not authorized by the trust's beneficiaries. We affirm.
Background. This matter is now before a panel of this court for the second time, and we focus only on the proceedings occurring after the remand of the case.[3] Morris claims title through the following series of grants: from Dorothy Essor as trustee of the trust to her daughter, Sandra Brown; from Sandra[4] to Micah S. Williams; and, via a "release deed,"[5] from Williams to Morris. The trust declaration states that the trustee cannot act with respect to the trust estate "except as directed by all of the beneficiaries." The three beneficiaries of the trust, Ashley Essor, Brandon Brown, and Lincoln Brown, are all grandchildren of Dorothy. Lincoln and Brandon are Sandra's sons, and Ashley is Sandra's niece. The central issue during the remand trial was whether Ashley, Brandon, and Lincoln had authorized (or ratified) the conveyance to Sandra as required by the trust instrument.
The judge found that the grant from Dorothy to Sandra was not directed by the beneficiaries, was not subsequently ratified by them, and was, accordingly, invalid. The judge then determined that the property was effectively conveyed to 24-26 Moreland Street, LLC (Moreland),[6] by deed dated July 17, 2014.[7]
Discussion. It is undisputed that Dorothy's grant of the property to Sandra was made without any contemporaneous directive from Ashley, Brandon, and Lincoln-who apparently knew nothing about the conveyance at the time when it occurred, in November, 2010. Morris argues, however, that Ashley, Brandon, and Lincoln's testimony in this case (either at trial or in depositions) operates as a ratification of Dorothy's action.
In detailed and well-reasoned findings and conclusions, the judge correctly asserted that ratification by a principal of an agent's actions requires a showing that the principal had "full knowledge of all material facts." Colony of Wellfleet, Inc. v. Harris, 71 Mass. App. Ct. 522, 529 (2008) (citation omitted). Based on his review of the evidence (including live testimony from Lincoln), the judge found that it was far from clear that Ashley, Brandon, and Lincoln possessed such full knowledge. As the judge explained, the beneficiaries appear to have paid no attention to the property at all, leaving all decisions to Sandra and Dorothy. Brandon, in particular, indicated that he had little interest in whether his mother's dealings resulted in maximum value to the beneficiaries for their interests. Furthermore, Ashley undermined the notion of ratification by testifying that she would have approved the conveyance to Sandra had she known about it, but only if "the same conditions were going to continue." Accordingly, the judge found, the beneficiaries' testimony that they "would" not have objected to the conveyance had they had the opportunity to do so did not amount to an affirmative ratification. Additionally, the judge noted, the beneficiaries' subsequent express authorization of the later conveyance to Moreland was directly contrary to Morris's ratification theory.
Having reviewed the record thoroughly, we see nothing in it that requires us to disturb the judge's determination that ratification did not occur. See ibid. ("Ratification is essentially a question of fact that will be reversed only if clearly erroneous"). Because the judge was correct that the trust retained the land after the purported conveyance from Dorothy to Sandra, he was also correct that the trust's subsequent grant to Moreland, with the express direction of the beneficiaries, validly conveyed the land.[8]
Judgment after remand affirmed.

Details regarding prior proceedings may be found in an unpublished memorandum and order issued by a different panel pursuant to our rule 1:28, dated June 15, 2015. See Morris v. Brown, 87 Mass. App. Ct. 1130 (2015). We commend the parties' efforts to narrow the issues presented on remand, and to avoid revisiting in this appeal those matters that have already been finally decided.

In second and subsequent references we use first names to refer to Dorothy Essor, Sandra Brown, and other members of their family.

Morris now relies on the release deed he obtained from Williams because Morris's original claim of title-running to him through Patricia Brown (Sandra's former sister-in-law)-has failed.

By the time of the remand trial, no live claims remained against the original defendants, Fitzhur Brown (Sandra's former husband), Williams, and Tracey Hutson. During the pendency of the first appeal, Ashley, Brandon, and Lincoln removed Dorothy as trustee of the trust and named Sandra as trustee in her stead. With the express written direction of the beneficiaries, Sandra then conveyed the property to Moreland for $85,000 by deed dated July 17, 2014. Moreland was added as a defendant after the case was remanded to the Land Court, and was the sole remaining defendant at the time of the remand trial.

The judge also decided that Morris could not benefit from language in the trust document stating that an instrument executed by a trustee of record "shall be conclusive evidence" that the trustee was "duly directed by the beneficiaries to execute and deliver the same." The judge held that this conclusive evidence language did not cure the defect in the conveyance from Dorothy to Sandra because Sandra had actual knowledge about whether the beneficiaries had directed the conveyance, which prevented her from relying on the deed. Moreover, Morris was not separately entitled to the benefit of the conclusive evidence provision because he had actual knowledge of the defect in the grant from Dorothy to Sandra at the time he obtained the release deed, having argued in his original case that this very defect was sufficient to defeat Williams's claim of title. In his brief, Morris does not claim any error in these findings.

Morris takes issue with the judge's pronouncement that Moreland was a "bona fide purchaser for value." This, however, is a red herring. Because the grant from the trust to Moreland was accompanied by an express, written directive from all three beneficiaries instructing Sandra to make the sale, Moreland had no need to rely on the conclusive evidence provision in the trust instrument. Additionally, Morris's competing claim to title was ultimately found to be lacking. Accordingly, Moreland's principal's actual knowledge regarding the existence of this case or any of the facts asserted herein had no bearing on the extent to which the trust's deed to Moreland was effective to convey good title.